**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS WENDORF, *et al*; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1 : 10 CV 1658 |
| | ) | Judge Andersen |
| GALE LANDERS, *et al*; | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

*AND*

| | | |
|---|---|---|
| ROBERT O'BRIEN, *et al*; | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | 1 : 10 CV 2765 |
| | ) | Judge Guzman |
| GALE LANDERS, *et al*; | ) | Magistrate Judge Keys |
| | ) | |
| Defendants | ) | |

**MOTION FOR REASSIGNMENT UNDER LOCAL RULE 40.4**

Thomas and Kathy Wendorf – plaintiffs in Case No. 1 : 10 CV 1658 (N.D.Ill.) – respectfully request that the matter entitled *O'Brien, et al v. Landers, et al*, Case No. 1 : 10 CV 2765 (N.D.Ill.), be transferred to the calendar of the Honorable Wayne Andersen, pursuant to Local Rule 40.4.

In support of this motion, plaintiffs state as follows:

1. Local Rule 40.4(a) provides as follows:

**Two or more civil cases may be related if one or more of the following conditions are met:**

  **(1)** the cases involve the same property;

1

  **(2)** **the cases involve some of the same issues of fact or law;**

  **(3)** **the cases grow out of the same transaction or occurrence; or**

  **(4)** **in class action suits, one or more of the classes involved in the cases is or are the same.**

  2. The *Wendorf* and *O'Brien* cases involve some of the same issues of fact or law, in that the consumers' claims in each case concern health club memberships issued by defendants in both cases, and specifically (a) transfers of funds which violated the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, (b) contracts which violated the Physical Fitness Services Act, 815 ILCS 645/1 *et seq.*, (c) contracts which violated the Consumer Fraud Act 815 ILCS 505/1 *et seq.*, and (d) business dealings which violated the common law of Illinois. A review of the claims made by the Wendorfs (per their complaint, attached as <u>Exhibit A</u>), and by Mr. O'Brien (per his complaint, attached as <u>Exhibit B</u>), show that the two cases are virtually identical.

  3. Further, both parties have filed motions seeking certification of separate classes. A review of these motions show that a class the Wendorfs seek to certify ("all Fitness Formula Club members who had amounts debited from their bank accounts by defendants through electronic funds transfers for which defendants do not have written authorization…") is virtually identical to a class O'Brien seeks to represent ("all persons who entered into a Membership Agreement with Fitness Formula Clubs and paid their monthly payment via electronic fund transfer, and who had their accounts debited by Defendants via electronic fund transfer in an amount not set forth in the Membership Agreement without authorization…."). (<u>Exhibit C</u> (Wendorf class certification motion) at 2; <u>Exhibit D</u> (O'Brien class certification motion) at 2.)

  4. Therefore, Local Rule 40.4(a) is satisfied.

5. Local Rule 40.4(b) further provides as follows:

**A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:**

    **(1) both cases are pending in this Court;**

    **(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;**

    **(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and**

    **(4) the cases are susceptible of disposition in a single proceeding.**

6. All of the requirements of Local Rule 40.4(b) are met. Both cases are pending in this Court. As the cases deal with the same claims, facts and law, the handling of these claims by one judge (as opposed to two) would inherently cause a significant savings of time and resources expended by this Court. This would lead to a disposition of the claims in a single, unified proceeding, and avoid the possibility of conflicting results. Both cases are in virtually the same posture – with defendants' answers not yet being filed in either case.

7. Local Rule 40.4(c) provides that

**a motion for reassignment based on relatedness may be filed by any party to a case. The motion shall—**

    **(1) set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a), and**

    **(2) indicate the extent to which the conditions required by section (b) will be set if the cases are found to be related.**

**A copy of the complaint or other relevant pleading in each of the higher-numbered cases that are the subject of the motion shall be attached to the motion.**

> **The motion shall be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. Where all of the cases claimed to be related are assigned to magistrate judges on consent, then the motion shall be filed with the magistrate judge before whom the lowest-numbered case is pending. Where one or more of the cases claimed to be related is assigned to a magistrate judge on consent and one or more of the remaining cases is assigned to a district judge, the motion shall be filed with the district judge having the lowest-numbered case.**
>
> **In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved.**

8. This motion is timely under the rule, is brought before the appropriate judge, and sets forth the required information. The complaints of the consumers in each case, together with their respective motions for class certification, are attached as <u>Exhibits A-D</u>, as described above.

9. The motion is being filed at this time on account of a status hearing to be held in the *Wendorf* matter on May 13, 2010. (Counsel for defendants, Bart Murphy, has agreed by his courtesy to accept service of this motion on behalf of all defendants in both cases.)

10. A copy of this motion is being served upon counsel for Mr. O'Brien. A copy by courtesy will also be provided to the Honorable Ronald Guzman, who is the Judge assigned to the *O'Brien* case, so that he may be properly advised.

WHEREFORE, Thomas and Kathy Wendorf – plaintiffs in Case No. 1 : 10 CV 1658 (N.D.Ill.) – respectfully request that the matter entitled *O'Brien v. Landers*, Case No. 1 : 10 CV 2765 (N.D.Ill.), be transferred to the calendar of the Honorable Wayne Andersen, pursuant to Local Rule 40.4.

                                                Respectfully submitted,

                                                /s/ Thomas E. Soule
                                                Thomas E. Soule

Daniel A. Edelman
Tara L. Goodwin
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

John Robel, Counselor at Law
1135 Schneider
Oak Park, Illinois 60302
(708) 848-0801
(708) 848-4802 (FAX)