**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WENDORF, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10CV1658 |
| | ) | Judge Lefkow |
| LANDERS, *et al*, | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**

Plaintiffs Thomas and Kathy Wendorf respectfully request the entry of an order

certifying this action as a class action, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). Specifically,

plaintiffs request the certification of the following classes:

**CLASS A:** all Fitness Formula Club members who had amounts debited from their bank accounts by defendants through electronic funds transfers for which defendants do not have written authorization – as to Count I of the complaint.

**CLASS B:** all Fitness Formula Club members who had their payment obligations increased without execution of a new contract providing for such obligation – as to Count II, Count III and Count IV of the complaint.

**CLASS C:** all Fitness Formula Club members who had imposed upon them a "one time charge" which was not specifically authorized by them – as to Count V of the complaint.

As to each class, the Wendorfs request that they be appointed as class representatives,

and that their counsel – Edelman Combs Latturner & Goodwin LLC, and John Robel, Esq. – be

appointed as class counsel.

In support of this motion, plaintiffs state as follows:

1

1.      In their complaint, the Wendorfs allege that defendants violated the Electronic

Funds Transfer Act, 15 U.S.C. §1693 *et seq*. ("EFTA"), the Physical Fitness Services Act, 815

ILCS 645/1 *et seq.* ("PFSA"), and the Consumer Fraud and Deceptive Business Practices Act,

815 ILCS 505/1 et seq. ("CFA").  Plaintiffs also make claims for damages due to breach of

contract, and due to conversion.

2.      Plaintiffs specifically claim that defendants, jointly and severally, are responsible

for the following misconduct:

      a.      debiting the bank accounts of plaintiffs and other Fitness Formula Clubs

members without authority, contrary to the EFTA (see Complaint, ¶¶30-

35);

      b.      increasing the payment obligation of plaintiffs and other Fitness Formula

Clubs members without execution of a new contract, in violation of both

the PFSA (*id*., ¶¶42-53) and the CFA (*id*., ¶¶60-65), and thereby causing a

breach of contract (*id*., ¶¶72-77); and

      c.      wrongfully assuming control over and possession of property of plaintiffs

and the class members when they debited their bank accounts for a "one

time charge" imposed in or around January 2010, thereby making them

liable for damages due to conversion (*id*., ¶¶84-91).

3.      Plaintiffs specifically alleged that, "on information and belief, the practices

described herein (including the imposition of various charges) were applied to members of

multiple Fitness Formula Clubs, as a matter of policy."  (*Id*., ¶21.)

2

4.      Plaintiffs respectfully submit that all requirements for class certification under Fed.R.Civ.P. 23(a) and 23(b)(3) are met here, and that the classes defined above should be certified.

## CLASS CERTIFICATION REQUIREMENTS

5.      The size of the classes makes joinder impractical.  Fed.R.Civ.P. 23(a)(1).

6.      The violations complained of are based on the use of form documents, such as those attached to the complaint – and attached hereto – as Exhibits A & B.  Furthermore, defendants own and operate nine health clubs and employ more than 600 staff members. (Exhibit C (excerpt from Fitness Formula Clubs website); see Complaint, ¶5 (club locations).)[1] Based upon these facts, there are more than 50 members of each class.

7.      Plaintiffs will seek in formal discovery the exact number of members of the classes, and request a briefing schedule sufficient to obtain such discovery.

8.      There are questions of law and fact common to each class, which predominate over any questions affecting only individual class members.  Fed.R.Civ.P. 23(a)(2) and 23(b)(3). The predominant common factual questions relate to the policies and procedures of defendants with respect to electronic funds transfers, the amount of dues charged to club members, and the imposition of one-time charges upon class members.  The predominant legal question is whether the practices complained of (a) violate the EFTA, the PFSA, or the CFA, (b) constitute a breach of contract, and (c) caused a conversion of class members' property.

---

[1]  Exhibit C does not show the graphics on the website for Fitness Formula Clubs, due to formatting difficulties.  The website (in its original form) is located at http://ffc.com/company/; Exhibit C presents the text of this page as it appeared on March 15, 2010.

3

9.      The claims of plaintiffs are typical of those held by members of each class. Fed.R.Civ.P. 23(a)(3).  Their claims are based on the same facts and legal theories as those held by members of the classes.

10.      Thomas and Kathy Wendorf will fairly and adequately represent the interests of the class members.  Plaintiffs have retained counsel experienced in consumer credit and consumer fraud cases, and who are able to bring a vigorous prosecution of the action – including a successful defense against a motion to dismiss in this matter.  *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010).  (See Exhibit D (declarations of counsel).)

11.      A class action is superior to other alternative methods of adjudicating this dispute. Fed.R.Civ.P. 23(b)(3).  Individual cases are not economically feasible; resolving the claims of class members, based on virtually identical facts and law, would promote judicial efficiency and provide appropriate relief from defendants' wrongdoing.

12.      In further support, plaintiffs attach a memorandum of law.

WHEREFORE, plaintiffs respectfully request the certification of three separate classes in this action, in accordance with Fed.R.Civ.P. 23(a) and 23(b)(3).

Respectfully submitted,

/s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Tara L. Goodwin
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

4

John Robel, Counselor at Law
1135 Schneider
Oak Park, Illinois 60302
(708) 848-0801
(708) 848-4802 (FAX)