**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WENDORF, *et al*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10CV1658 |
| | ) | Judge Lefkow |
| LANDERS, *et al*, | ) | Magistrate Judge Brown |
| Defendants. | ) | |
| | | |
| O'BRIEN, *et al*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10CV2765 |
| | ) | Judge Lefkow |
| LANDERS, *et al*, | ) | Magistrate Judge Brown |
| Defendants. | ) | |

**MOTION FOR APPOINTMENT OF EDELMAN COMBS
LATTURNER & GOODWIN LLC AS SETTLEMENT CLASS COUNSEL**

Edelman Combs Latturner & Goodwin LLC ("Edelman Combs"), and attorneys employed by that firm (namely, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin and Thomas E. Soule), respectfully request that Edelman Combs be appointed by this Court as class counsel, pursuant to Fed.R.Civ.P. 26(g), with respect to a classwide settlement agreement negotiated and agreed to by the parties. Edelman Combs further requests that this Court direct Edelman Combs to take primary responsibility for (a) ensuring that the parties' agreement is documented with all speed, (b) presenting the agreement for preliminary approval to this Court, (c) handling inquiries from class members regarding the settlement and (d) presenting the agreement for final approval at a fairness hearing to be scheduled by this Court – all in accordance with the agreement reached by the parties on January 10, 2012.

The class that Edelman Combs would seek to represent includes all who are within any

1

one of the following groups:

GROUP A:    all persons who were members of Fitness Formula Clubs as of
            January 11, 2012 and who sustained a "one-time charge" – *i.e.*, a
            payment imposed by Fitness Formula Clubs in addition to normal
            dues, and in lieu of a dues increase – at any time between January
            1, 2005 and December 31, 2011; or

GROUP B:    all persons who were members of Fitness Formula Clubs as of
            January 11, 2012 and who sustained a "monthly dues increase" –
            *i.e.*, an increase in the amount paid each month for membership
            dues at Fitness Formula Clubs – at any time between January 1,
            2005 and December 31, 2011; or

GROUP C:    all persons who were not members of Fitness Formula Clubs as of
            January 11, 2012, but who were formerly members of Fitness
            Formula Clubs, and who received either a "one-time charge," or a
            "monthly dues increase," or both, at any time between January 1,
            2005 and December 31, 2011.

In support of this motion, Edelman Combs states as follows:

1.      On December 21, 2010, this Court (Lefkow, J.) denied a motion to dismiss the

claims of Thomas and Kathy Wendorf, brought by defendants (referred to hereafter as "Fitness

Formula Clubs").  *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010).  See also *O'Brien v.

Landers*, 2011 U.S. Dist. LEXIS 6434 (N.D.Ill. Jan. 24, 2011) (related case).

2.      After that decision, this Court (Brown, M.J.) convened settlement conferences on

February 23, 2011, October 6, 2011, October 20, 2011, December 14, 2011, January 4, 2012 and

January 10, 2012.  Several status hearings with the Magistrate Judge, and informal settlement

discussions between the parties, were also held.  (See *Wendorf* Docket Nos. 36-76.)

3.      After comprehensive examination of factual and legal issues relating to the case,

and contentious negotiations, the parties reached agreement on classwide settlement terms on

January 10, 2012.  The terms of the agreement were read into the record.  A transcript of that

2

proceeding is attached hereto as <u>Exhibit 1</u>. (*Wendorf* Docket No. 81.)

    4.    After the settlement terms were read into the record, all counsel involved stated

that those terms represented the agreement of all parties, as follows:

| | |
|---|---|
| *[THE COURT:]* | ***...I'm going to have everybody who participated in this settlement conference come forward, state your name, your role in the lawsuit, and acknowledge that... – yes, that's your understanding of the settlement.*** |
| *MR. SOULE:* | ***Okay. The parties will cooperate on drafting a release and a settlement agreement and the notice and work together to get that done.*** |
| *[JENEE STRAUB:]* | ***Yes.*** |
| *MR. EDELMAN:* | ***I think we should state that it is our intention to have an agreement as of today....*** |
| *THE COURT:* | ***Yes. Yes, that is my understanding that an agreement has been reached –*** |
| *[T. ZIMMERMAN:]* | ***Yes.*** |
| *THE COURT:* | ***– subject to the approval of the Court. An agreement is reached today on the terms set out on the record.*** |
| *MR. EDELMAN:* | ***Yes.*** |
| *THE COURT:* | ***Subject to the approval of the Court. That whether or not the plaintiffs reach agreement among them as to the attorneys' fees does not – a division of the attorneys' fees does not in any way prevent this from being a settlement with the defendants. Now, if that is your understanding, then come forward, state your name for the record, state your role in the lawsuit, and acknowledge that that, yes, is your understanding of the agreement. Mr. Edelman, you're right there. Go ahead.*** |
| *<u>MR. EDELMAN:</u>* | ***<u>Okay. Daniel A. Edelman, counsel for Wendorf. That is our understanding of the agreement.</u>*** |

| | |
|---|---|
| *MR. SOULE:* | ***And Tom Soule for plaintiffs Wendorf. And that is our understanding as well, Your Honor.*** |
| *MR. ROBEL:* | ***John Robel for plaintiffs Wendorf. That is our understanding of the agreement.*** |
| *MR. TAMBURELLI:* | ***Adam Tamburelli on behalf of plaintiff O'Brien. That is my understanding of the agreement as well.*** |
| *MR. ZIMMERMAN:* | ***Tom Zimmerman for plaintiff O'Brien. That's my understanding.*** |
| *MS. STRAUB:* | ***Jenee Straub for defendants. And that is my understanding.*** |

(Exhibit 1 at 16:17 - 18:6 (emphasis added). See also *id* at 18:7 - 18:15 (agreement of Fitness

Formula representatives who were present).)[1]

5. Mr. Edelman also said that "we'll take the first draft, and hope with luck present

it by" the next status date; the Court said, in response, "okay." (*Id*. at 13:10 - 13:14.)

6. The settlement provided for the payment of $450,000.00 in attorney's fees and

costs between counsel for all plaintiffs – subject to Court approval. (*Id*. at 9:21 - 10:9.)

7. On January 11, 2012, counsel for all plaintiffs exchanged their billing records.

According to those records, Zimmerman Law Offices PC claimed a total of $114,983.50,

Edelman Combs claimed $80,816.88, and John Robel claimed $234,855.00.

8. On Thursday, January 26, 2012, Mr. Robel sent a letter to Mr. Edelman, by e-

mail, in which he disagreed with the position taken by Cathleen Combs, of Edelman Combs,

regarding resolution of questions regarding the amount of fees that Zimmerman Law Office PC

would take from the settlement, subject to final approval. That letter read, in part, as follows:

---

[1] Mr. Zimmerman and Mr. Tamburelli are employed by Zimmerman Law Offices PC. Mr. Robel is a solo practitioner.

4

As you know, I have not felt that Ms. Combs is dedicated to working with me and against [Mr.] Zimmerman, which has resulted in some conflict between her and me. From those conversations, it appears that Ms. Combs' position is that future commitment to the elimination or resolution of this Zimmerman matter is not worth much time or effort based upon the financial benefit to be achieved therefrom on behalf of your firm....

As you know, my constant position over the course of Zimmerman's involvement in this litigation has always been that he would prove to be an expensive menace to both the class and the lawyers involved based upon the tactics he was constantly employing and that he should be dealt with immediately to avoid the very predicament we now face....

As such, I expect full devotion to the resolution of the Zimmerman matter, irrespective of Ms. Combs' position, in a fashion that results in the smallest financial impact to myself, and to your firm, as is possible. I believe that the obligations and interests of my co-counsel are required to be consistent and aligned with that of myself. I do not wish to be put in a position where I have to confront, or am confronted by, my co-counsel, especially when my assets are being expected to bear the brunt of the decision with which I most candidly disagreed. [Exhibit 2.]

9.      On Friday, January 27, 2012, during a conference with the Court which involved

only counsel for the Wendorfs and Mr. O'Brien, counsel agreed that Zimmerman Law Offices

PC would receive $110,000 of the $450,000 to be provided in attorney's fees and costs from the

settlement – again, subject to Court approval.  (See Docket No. 80.)

10.     On Thursday, February 2, 2012, Mr. Robel asked Mr. Edelman to cease work on

the case:

I told you last week to not begin any of the settlement documents. From your last correspondence, it appears that you have not begun that work.  If you have begun any work, immediately forward me all documents that demonstrate any such claim.

You are to terminate all involvement on this file until you hear from me. I will call you when I can get to it.  If your office receives any telephone calls on this matter, have your receptionist take a message and forward it to me. [Exhibit 3.]

In response, Cathleen Combs of Edelman Combs stated that work on documenting the

settlement, in the interest of class members, would continue. (Exhibit 4.)  Those settlement

documents were in fact distributed to all counsel on Monday, February 6, 2012.

11.     On the morning of Saturday, February 4, 2012, Mr. Edelman and Mr. Robel

spoke on the telephone.  During that phone call, Mr. Robel threatened to have the Wendorfs

terminate their relationship with Edelman Combs absent an immediate resolution of the dispute,

between him and Edelman Combs, over the division of attorney's fees.  He also suggested that

the Wendorf might object to, or otherwise attempt to upset, the settlement agreement absent an

immediate resolution of the dispute.  Mr. Edelman sent an e-mail to his partners regarding the

matter shortly after the phone call ended, with a contemporaneous recitation of what was

discussed.  (Exhibit 5.)

12.     On Monday, February 6, 2012, Ms. Combs sent an e-mail to Mr. Robel, stating as

follows:

> 1.     You have threatened to object to a  settlement which you agreed to on
>        behalf of the Wendorfs on the record.
>
> 2.     That does not suggest that any agreement regarding fees would be
>        honored.
>
> 3.     Filing an objection would result in a large and indeterminate amount of
>        work.  An agreement at this point would allow you to force us to work for
>        nothing and allow you to recover more than an unsuccessful objector is
>        entitled to. [Exhibit 6.]

13.     After further discussions between Mr. Robel and Edelman Combs, Mr. Edelman

stated that Edelman Combs "will not engage in any premature negotiations with you over fees

(prior to final approval)." (Exhibit 7.)

14.     Later that morning, Mr. Wendorf sent an e-mail to Mr. Edelman stating that "on

behalf of Katherine Wendorf, and myself, your representation in this litigation is terminated."

(Exhibit 8.)

15.     This leaves no plaintiffs' counsel with the resources to commit to the settlement in *Wendorf* sufficient to ensure that class members' interests are served and protected to the greatest extent possible.  Mr. Robel himself has no experience in handling class actions; such experience is necessary to ensure that the settlement agreed to by the parties would be managed and administered in an efficient manner.  Furthermore, as a sole practitioner, he does not have the resources to deal with inquiries from members of a class which includes approximately 11,800 persons.  (Exhibit 9.)  By contrast, Edelman Combs has extensive experience in handling class actions and classwide settlements, and the resources necessary to assist class members in this litigation.  (Exhibit 10.)

16.     Fed.R.Civ.P. 23(g)(3) provides that interim counsel may be designated by the Court "to act on behalf of a putative class before determining whether to certify the action as a class action."  Under the circumstances, appointing counsel to ensure that the interests of the class are protected is appropriate.

17.     Fed.R.Civ.P. 23(g)(1) sets forth factors to consider when determining whether an attorney can be appointed as class counsel (whether on an interim or permanent basis):

> **Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:**
>
> **(A)     must consider:**
>
> > **(i)      the work counsel has done in identifying or investigating potential claims in the action;**
> >
> > **(ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;**

        **(iii)**     **counsel's knowledge of the applicable law; and**

        **(iv)**     **the resources that counsel will commit to representing the class;**

    **(B)**     **may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;**

    **(C)**     **may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;**

    **(D)**     **may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and**

    **(E)**     **may make further orders in connection with the appointment.**

18.    In light of the foregoing, the appointment of Edelman Combs as counsel to the settlement class is appropriate at this time.[2]

19.    Edelman Combs can properly be appointed class counsel in this case, in that (a) the work it has done to date has led to an improvement in the law, given the ruling on Fitness Formula Clubs's motion to dismiss; (b) the firm has experience in consumer class actions and consumer protection laws; and (c) Edelman Combs has the resources, and staffing, to handle inquiries from a settlement class of approximately 11,800 persons.

20.    This Court expressly advised the parties, and their counsel, that "whether or not the plaintiffs reach agreement among them as to the attorneys' fees does not – a division of the attorneys' fees does not in any way prevent this from being a settlement with the defendants."

---

[2] It should be noted that the class that Edelman Combs would seek to represent is defined as a part of a settlement agreement. Edelman Combs cannot represent that Fitness Formula Clubs would agree with the appointment of Edelman Combs as class counsel, on a contested class certification motion.

(<u>Exhibit 1</u> at 17:11 – 17:14.)

      21.    Occasionally, a named plaintiff will object to a class settlement.  This is not a bar

to approval of the settlement, if the Court finds it to be adequate and reasonable.  *Watson v. Ray*,

192 F.3d 1153, 1154-1155 (8th Cir. 1999); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1174-1176 (4th

Cir. 1975).  In cases where the interests of class members are jeopardized, the Court has full

power under Fed.R.Civ.P. 23 to protect class members, by

> [turning] to notice, intervention, or... other protective measures.... Where, as here, the
> named party has pursued negotiations to the point of tentative agreement on a
> compromise or settlement, the court may.... provide for independent counsel, additional
> discovery, and hearings on the objections to the settlement. In such a case, as [*Susman v.
> Lincoln American Corp.*, 561 F.2d 86, 96 (7th Cir. 1977)] formally recognizes.... judicial
> control over the settlement and attorney's fees provides adequate protection for the due
> process rights of absent members. [*McDonald v. Chicago Milwaukee Corp.*, 565 F.2d
> 416, 421-422 (7th Cir. 1977).]

      22.    Accordingly, the best course of action under the circumstances is an order

      a.    appointing Edelman Combs as counsel to the settlement class,

      b.    directing all parties who wish to support the settlement (as they had
            agreed) to complete the documentation of the settlement, as agreed and
            with Edelman Combs taking primary responsibility for ensuring that this
            is done promptly,

      c.    giving notice to class members of the settlement,

      d.    holding a hearing on the fairness of the settlement in accordance with
            Fed.R.Civ.P. 23(e), and

      e.    resolving the issue of the award of attorney's fees and costs at the final
            approval stage.

      WHEREFORE, Edelman Combs respectfully requests that it be appointed as class

counsel, on behalf of a settlement class defined herein.  Edelman Combs further requests that this

Court order Edelman Combs to (a) ensure that the parties' agreement is documented with all

speed, (b) present the agreement for preliminary approval to this Court, (c) handle inquiries from class members regarding the settlement and (d) present the agreement for final approval at a fairness hearing to be scheduled by this Court – all in accordance with the agreement reached by the parties on January 10, 2012, and all without any unnecessary delay.

Respectfully submitted,

s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com