IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. WENDORF, et al; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:10-CV-1658 |
| v. | ) | Judge Joan H. Lefkow |
| | ) | Magistrate Geraldine Soat Brown |
| GALE LANDERS, et al; | ) | |
| | ) | |
| Defendants. | ) | |

*AND*

| | | |
|---|---|---|
| ROBERT O'BRIEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:10-CV-2765 |
| v. | ) | Judge Joan H. Lefkow |
| | ) | Magistrate Geraldine Soat Brown |
| GALE LANDERS, et al; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF ROBERT O'BRIEN'S MOTION FOR APPOINTMENT OF
ZIMMERMAN LAW OFFICES, P.C. AS INTERIM CLASS COUNSEL**

NOW COMES Plaintiff ROBERT O'BRIEN, individually, and on behalf of all others similarly situated, by and through counsel, and, for his *Motion for Appointment of Zimmerman Law Offices, P.C. as Interim Class Counsel*, states as follows:

**I.    INTRODUCTION.**

    **A.    The Named Plaintiffs and Their Counsel.**

On May 21, 2010, the cases entitled *Wendorf, et al. v. Landers, et al.*, Case No. 10 cv 1658 ("*Wendorf* case"), and *O'Brien v. Landers, et al.*, Case No. 10 cv 2765 ("*O'Brien* case") were

assigned as related pursuant to N.D. Ill. Local Rule 40.4. (Docket No. 14).[1]

The Plaintiffs in the *Wendorf* case were originally represented by the law firm of Edelman Combs Latturner & Goodwin LLC ("ECLG") and John Robel, a solo practitioner.

The Plaintiff in the O'Brien case was (and still is) represented by Zimmerman Law Offices, P.C. ("Zimmerman").

**B.     The Parties Reached Agreement on the Settlement Terms.**

After Defendants' motions to dismiss were denied, the parties began engaging in settlement discussions. On January 10, 2012, after well over a year of negotiations and numerous settlement conferences before Magistrate Geraldine Soat Brown, the parties reached an agreement on terms of a class settlement. That agreement was read into the record on January 10, 2012, with all counsel indicating their assent to the terms of the settlement on the record. (Docket Nos. 59, 64).

Under the terms of the settlement, Defendants would provide certain relief to the Settlement Class, and would also provide a fixed amount of attorney's fees to be divided among counsel for the Plaintiffs. (Docket No. 64). At that time, the parties also agreed that and any disputes among Plaintiffs' counsel regarding apportionment of the attorney's fees between them would not affect the validity of the settlement with the Defendants. (Docket No. 64).

As counsel for the Plaintiffs disagreed on how to apportion attorney's fees, Magistrate Soat Brown subsequently held a settlement conference relating to that issue with all Plaintiffs' counsel on January 27, 2012. (Docket No. 63). On that date, all counsel agreed to an apportionment of attorney's fees, and the agreement was read into the record. (Docket No. 63).

Counsel for the parties represented to Magistrate Soat Brown that they would begin preparing the settlement documents and initiate the necessary procedures for settlement approval and class notice.

---

[1] Citations to docket entries will be to the corresponding numbers in the *O'Brien* case.

### C.  Discord Among Counsel for the Plaintiffs in the *Wendorf* Case.

On February 17, 2012, ECLG – with no prior notice to Zimmerman – filed a motion for appointment as interim class counsel. (Docket No. 82). As set forth in that motion, both Plaintiffs in the *Wendorf* case discharged ECLG, leaving John Robel as the sole attorney representing the *Wendorf* Plaintiffs. (Docket No. 82, pp. 6-7; 82-1, p. 30).

Additionally, according to that motion, the sole remaining attorney for the *Wendorf* Plaintiffs, John Robel, is unsatisfied with the terms of the settlement that he explicitly assented to on the record on January 10, 2012 and January 27, 2012; so much so, in fact, that he may file a formal objection to the settlement on behalf of the Wendorfs. (Docket No. 82, pp. 6; 82-1, pp. 25-27).

Accordingly, Zimmerman is the sole remaining law firm in this matter that represents a named Plaintiff (unlike ECLG), and who intends to honor the terms of the settlement entered into by the parties (unlike Mr. Robel). Therefore, Zimmerman must be appointed as interim class counsel in order to protect the interests of the Settlement Class in this matter and to ensure that the terms of the settlement are implemented.

## II.  ARGUMENT.

### A.  Zimmerman is Unquestionably the Most Appropriate Class Counsel.

Although ECLG seeks to be appointed as sole interim class counsel in this matter, the Plaintiffs in the *Wendorf* case discharged ECLG as counsel on February 16, 2012. (Docket No. 82-1, p. 30). It would appear that ECLG is now governed by the mandates of Rule 1.16(a)(3) of the Illinois Rules of Professional Conduct. Furthermore, ECLG does not represent Mr. O'Brien, the sole Plaintiff in the *O'Brien* case. Therefore, since ECLG does not represent any named Plaintiff in this case, and no class has been certified at this point, at the very least a question remains as to whether ECLG can be appointed sole interim class counsel in this matter.

To the contrary, Zimmerman remains as counsel for Mr. O'Brien in this matter. Both Mr. O'Brien and Zimmerman believe the terms of the settlement to be fair and adequate, and they desire to go forward with the approval process in accordance with the previous agreement of all of the parties.

Accordingly, appointment of Zimmerman as interim class counsel in this matter ensures that approval of the settlement will not be encumbered or delayed by litigation of any collateral issues regarding adequacy of class counsel, thereby forestalling any objections to the settlement on that issue.

### B. John Robel is Not Qualified to Act as Class Counsel, and Will Not Fairly and Adequately Represent the Settlement Class.

Zimmerman agrees with ECLG that John Robel, the *Wendorf* Plaintiffs' remaining counsel, is inadequate to represent the Settlement Class in this matter. As set forth in ECLG's motion, Mr. Robel is a solo practitioner who has *no* experience in class litigation, and certainly no experience as lead counsel for a class of significant size. (Docket No. 82, p. 7). This lawsuit is Mr. Robel's first class action case.

Furthermore, and more importantly, Mr. Robel and his clients are now threatening to object to the terms of the settlement in this matter, despite the fact that Mr. Robel previously stated on the record before Magistrate Soat Brown that he assented to the terms of the settlement. (Docket No. 82-1, pp. 24-27).

Even more troublesome than the fact that Mr. Robel and the Wendorfs are now seeking to back out of an agreement to which they unequivocally assented on behalf of the Settlement Class, Mr. Robel's purported disagreement with the terms of the settlement is based solely upon his unhappiness with the division of attorney's fees between Plaintiffs' counsel. (Docket No. 82, pp. 4-6). Indeed, according to ECLG's motion, the discord between those two law firms, which led to the Wendorf's discharge of ECLG presumably at the behest of Mr. Robel, apparently stems from Mr.

4

Robel's dissatisfaction with the fact that ECLG refused to work with Mr. Robel in putting Mr. Robel's interest in maximizing his portion of the attorney's fees before the interests of the Settlement Class. It bears repeating that despite Mr. Robel's avarice regarding the attorney's fees issue, Mr. Robel agreed to this division of fees on the record before Magistrate Soat Brown after a settlement conference on this issue on January 27, 2012. (Docket No. 63).

Standing alone, the fact that Mr. Robel has threatened to object to the settlement on behalf of the Wendorfs simply because Mr. Robel does not agree with how much money he is receiving as class counsel demonstrates that both he and his clients are inadequate representatives of the Settlement Class, and in no event could they satisfy the requirements of Fed. R. Civ. P. 23(g). See, *Murray v. E*Trade Fin. Corp.*, 240 F.R.D. 392, 399 (N.D. Ill. 2006)("A class representative "must protect the interests of the class, placing them above his own personal interests and the interests of class counsel."). Furthermore, it is well-settled that class counsel owes a fiduciary duty to the class, *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011), and Mr. Robel's threats of objection to the settlement unless he gets the lion's share of attorney's fees clearly demonstrates that he will *not* act as a fiduciary of the Settlement Class.

As the exhibits to ECLG's motion demonstrate, Mr. Robel's focus in this litigation centered on cutting Zimmerman out of the case and maximizing the attorney's fees that Mr. Robel could collect. In a letter to his co-counsel, Dan Edelman, Mr. Robel referred to Zimmerman as an "expensive menace" and Mr. Robel wrote: "I expect full devotion to the resolution of the Zimmerman matter, irrespective of Ms. Combs' position, in a fashion that results in the smallest financial impact to myself." (Docket No. 82, p. 21). Now, Mr. Robel is apparently using the Wendorfs as pawns to try to cut ECLG out of the case, too.

Mr. Robel's complete disregard for the interests of the Settlement Class and his apparent disagreement with the terms of the settlement notwithstanding, he is clearly unequipped to proceed

forward with settlement in this matter. Again, Mr. Robel has no experience with class litigation. The Settlement Class in this case consists of 11,800 members, and will require significant oversight by experienced counsel in the notice and claims processing phases. There is no reason to believe that Mr. Robel has the knowledge, experience or resources at his disposal to effectuate this settlement. Accordingly, Mr. Robel is both unfit and inadequate to represent the Settlement Class.

### C. Zimmerman Meets the Standards of Fed. R. Civ. P. 23(g).

Fed.R.Civ.P. 23(g)(3) provides that interim class counsel may be designated by the Court "to act on behalf of a putative class before determining whether to certify the action as a class action." Under the circumstances, appointing counsel to ensure that the interests of the class are protected is appropriate. Interim class counsel must satisfy the same requirements of Rule 23(g)(1)(A). *See, e.g., Hill v. The Tribune Co.,* 2005 WL 3299144, at *3 (N.D. Ill., 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel."); 1 Newberg on Class Actions § 3:85 (5th ed.).

Rule 23(g)(1)(A) lists the four factors that the court *must* consider in appointing class counsel, as follows:

(i) the work counsel has done in identifying or investigating potential claims in the potential action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Zimmerman easily satisfies all of these factors. First, Zimmerman has extensively researched the Plaintiffs' claims along with the claims of the putative class. This research has included acquisition and review of voluminous documents, complex analysis of the Defendants' sales and financial data, and other investigation into the facts and issues relevant to the action, as

6

well as participation in six (6) settlement conferences and numerous discussions with all counsel regarding settlement terms. Zimmerman has also spent significant time researching the law and regulations underlying Plaintiff O'Brien's claims, as well as possible defenses thereto.

Second, Zimmerman is very experienced in handling class actions and other complex litigation, and is highly qualified to serve as class counsel. Zimmerman concentrates its practice in class action and consumer fraud litigation, and has represented consumers and businesses in numerous actions throughout the nation for over fifteen (15) years. Several federal and state courts have appointed Zimmerman lead or co-lead counsel in nationwide and statewide class actions, including actions currently pending in the Northern District of Illinois, and Zimmerman has repeatedly obtained favorable results for its clients. (Docket No. 44-3).

Finally, Zimmerman can commit more than adequate resources to representing the class. As noted above, Zimmerman has regularly been appointed class counsel in class actions and complex litigation, and has regularly obtained favorable results. Zimmerman is a full-service firm with advanced technological and staffing resources designed to manage complex litigation. Zimmerman's attorneys have extensive consumer litigation experience, up to and including trial experience, and have the ability to prosecute this matter fully. (Docket No. 44-3).

### D. Zimmerman Can Effectuate the Settlement Even if the Wendorf Plaintiffs Object or Refuse to Sign the Settlement Agreement.

Under Fed. R. Civ. P. 23(g)(1)(B), the Court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. This consideration weighs in Zimmerman's favor, because if, as Mr. Robel has threatened, the Plaintiffs in the *Wendorf* case object to the terms of the settlement and/or refuse to execute a settlement agreement memorializing those terms, thereby rendering the settlement null and void, Zimmerman can still ensure that the settlement is effectuated with the same relief provided to the Settlement Class.

Indeed, as the *O'Brien* case is separate and independent from the *Wendorf* case, and Mr. O'Brien remains of the view that the terms of the settlement are fair and adequate, the parties in the *O'Brien* case can enter into a settlement agreement with Defendants upon the exact same negotiated terms without the need for the Wendorfs' participation.

Accordingly, if Zimmerman is appointed interim class counsel, the interests of the Settlement Class will be adequately represented and accounted for, and the settlement can proceed forward without further undue delay.

Because of Magistrate Soat Brown's familiarity with the issues raised in these motions, it may be prudent for the Court to refer this matter to Magistrate Soat Brown to hear argument and evidence, if necessary, and write a recommended decision.

WHEREFORE, Plaintiff ROBERT O'BRIEN respectfully requests that this Court enter an order appointing Zimmerman Law Offices, P.C. as interim class counsel, and for any further relief that the Court deems just under the circumstances.

Plaintiff ROBERT O'BRIEN, individually, and on behalf of all others similarly situated,

By: _____
Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Counsel for the Plaintiff and Class