**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WENDORF, *et al*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10CV1658 |
| | ) | Judge Lefkow |
| LANDERS, *et al*, | ) | Magistrate Judge Brown |
|     Defendants. | ) | |
| | | |
| O'BRIEN, *et al*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10CV2765 |
| | ) | Judge Lefkow |
| LANDERS, *et al*, | ) | Magistrate Judge Brown |
|     Defendants. | ) | |

**RESPONSE OF EDELMAN COMBS LATTURNER & GOODWIN LLC
TO MOTION FOR APPOINTMENT OF ZIMMERMAN
LAW OFFICES PC AS INTERIM CLASS COUNSEL**

Edelman Combs Latturner & Goodwin LLC ("Edelman Combs") moved for its appointment as class counsel in this matter. (*Wendorf* Docket No. 82.) In response, Robert O'Brien has moved for the appointment of Zimmerman Law Offices PC as interim class counsel. Edelman Combs now responds to Mr. O'Brien's motion, as follows:

**A. REFERRAL OF MOTION TO THE MAGISTRATE JUDGE MAY BE PRUDENT**

Mr. O'Brien suggests that "it may be prudent for the Court to refer this matter to [the Magistrate Judge] to hear argument and evidence, if necessary, and write a recommended decision." (*O'Brien* Docket No. 65 ("O'Brien Motion") at 8.) Edelman Combs has no objection, and leaves the matter of which Judge handles this issue to the Court's sound discretion.

1

B.  **EDELMAN COMBS CAN CONTINUE ITS INVOLVEMENT IN THE CASE WITH THE COURT'S CONSENT AND APPROVAL**

Mr. O'Brien suggests that Edelman Combs must withdraw from the case, pursuant to Ill.R.Prof.Conduct 1.16(a)(3), because the Wendorfs fired the firm. (O'Brien Motion at 3.) This assertion assumes that the Wendorfs are the only "clients" involved in the action. Yet the members of the proposed settlement class, which would receive relief under the agreement the parties reached on January 10, 2012, also have interests; Edelman Combs has been representing their interests throughout this litigation.

Moreover, Ill.R.Prof.Conduct 1.16(c) provides:

> **A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.**

Here, the "applicable law" is Fed.R.Civ.P. 23, which vests this Court with the duty of managing class actions and ensuring that absent class members' interests are protected. This Court, within the scope of that power and pursuant to Fed.R.Civ.P. 23(g), may properly order Edelman Combs to continue in this case as class counsel, if it finds that it can adequately represent class members' interests. *McDonald v. Chicago Milwaukee Corp.*, 565 F.2d 416, 421-422 (7th Cir. 1977). Edelman Combs has advised the Court that the Wendorfs fired the firm, and has sought such an order by its own motion; Edelman Combs believes that it is the most experienced, and the most capable, counsel among those involved in this action.

While Mr. O'Brien is correct in saying that "no class has been certified at this point" (O'Brien Motion at 3), it is also true that the parties have entered into a classwide settlement agreement on the record, at the hearing held on January 10, 2012. That agreement is still subject

to preliminary and final approval, in line with Rule 23. However, the agreement contemplated the filing of a consolidated complaint, asserting all claims brought on behalf of the settlement class. At this stage, the parties with rights and interests at stake are not limited to Mr. and Mrs. Wendorf, Mr. O'Brien and Fitness Formula Clubs. Class members also have interests at stake.

Counsel seeking to represent a class owe a fiduciary duty to absent class members. *Williams v. Quinn*, 748 F.Supp.2d 892, 897 (N.D.Ill. 2010); *Carnegie v. Household International Inc.*, 371 F.Supp.2d 954, 957-958 (N.D.Ill. 2005). Under all the circumstances, and given its involvement in the case to date, Edelman Combs has shown that it can protect those interests; the motion brought by Edelman Combs sought to do precisely that.

**C.     CONCLUSION**

In light of the foregoing, Edelman Combs requests that it be appointed as class counsel per its motion (*Wendorf* Docket No. 82), and further requests the entry of all other just orders.

>                            Respectfully submitted,
>
>                            s/ Thomas E. Soule
>                            Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

I, Thomas E. Soule, hereby certify that the preceding document was filed with the Court on February 22, 2012 and served upon all counsel of record named herein, by operation of the Court's electronic filing system, at the e-mail addresses listed.

Isaac Colunga (isaac.colunga@icemiller.com)
Bart Murphy (bart.murphy@icemiller.com)
John Robel (jrbuslaw@yahoo.com)
Jenee Straub (jenee.straub@icemiller.com)
Adam Tamburelli (adam@attorneyzim.com)
Thomas Zimmerman (tom@attorneyzim.com)

s/ Thomas E. Soule
Thomas E. Soule